IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| GUY M. DOMAI,<br><br>                Plaintiff,<br><br>v.<br><br>DAN AHLEEN; FNU FISHER; and GATEWAY<br><br>                Defendants. | REPORT AND RECOMMENDATION RE: DEFENDANTS' MOTION TO DISMISS<br><br>Case No.  2:15-CV-00564-DN-EJF<br><br>District Chief Judge David Nuffer<br><br>Magistrate Judge Evelyn J. Furse |

On August 13, 2015, Plaintiff, Guy M. Domai, proceeding *in forma pauperis*, filed his Complaint against the Defendants, FNU Fisher and The Gateway, for violations of 42 U.S.C. § 1983, and Dan Ahleen and The Gateway for § 1983 violations under a respondeat superior theory.  (Compl. 11–14, ECF No. 3.)  On July 29, 2016, Dan Ahleen, Drew Fisher, and The Gateway (The Gateway Defendants) moved to dismiss Mr. Domai's Complaint for failure to state a claim upon which this Court can grant relief.  (Defs.' F.R.C.P 12(b)(6) Mot. Dismiss Compl. for Failure to State a Claim (Mot.), ECF No. 15.)  Mr. Domai never opposed the Motion. Indeed, prior to The Gateway Defendants filing their Motion, the undersigned noticed a status conference for July 13, 2016.  (ECF No. 10.)  Mr. Domai did not appear for the conference. (ECF No. 14.)  Based on the Motion and the lack of opposition, the undersigned[1] RECOMMENDS the Court dismiss Mr. Domai's claims against The Gateway Defendants without prejudice because the Complaint fails to state a claim against The Gateway Defendants under § 1983.

---

[1] On August 14, 2015, District Chief Judge David Nuffer referred this case to the undersigned Magistrate Judge under 28 U.S.C. § 636(b)(1)(B).  (ECF No. 4.)

## STANDARD OF REVIEW

A court construes liberally the filings of *pro se* plaintiffs. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not "assume the role of advocate for the *pro se* litigant." *Id*. The *pro se* plaintiff has a duty to follow the same rules of procedure that bind other litigants. *Garrett v. Selby Connor Maddux & Janer,* 425 F.3d 836, 840 (10th Cir. 2005) (citing *Nielsen v. Price,* 17 F.3d 1276, 1277 (10th Cir. 1994); *Hall,* 935 F.2d at 1110). Furthermore, when a party proceeds in forma pauperis, "the court shall dismiss the case at any time if the court determines that…the action…fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2).

## DISCUSSION

The Gateway Defendants seek dismissal of Mr. Domai's Complaint because it fails to state a claim. (Mot. 4-6, ECF No. 15.) Every complainant must comply with Rule 8(a) of the Federal Rules of Civil Procedure, setting forth the information a complaint must contain. Rule 8(a)(2) requires a well-pled complaint to "have enough allegations of fact, taken as true, 'to state a claim to relief that is plausible on its face.'" *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). To fulfill the requirements stipulated by Rule 8(a), the "plaintiff must offer specific factual allegations to support each claim" sufficient to "raise a right to relief above the speculative level." *Id. (*quoting *Twombly,* 550 U.S. at 555). Legal conclusions and baseless accusations that fail to reach the level of plausibility will not survive. *Ashcroft v. Iqbal,* 556 U.S. 662, 680–81 (2009) (citing *Twombly,* 550 U.S. at 555). The plausibility requirement serves as both a safeguard to eliminate claims that have a low likelihood of success and to notify the defendants

of the basis of the claims brought against them. *Robbins v. Oklahoma,* 519 F.3d 1242, 1248 (10th Cir. 2008).

### A. Claims Against Mr. Fisher and The Gateway

Mr. Domai fails to state a claim for which this Court can grant relief against Mr. Fisher and The Gateway. Since Mr. Domai proceeds *in forma pauperis* 28 U.S.C. § 1915(e)(2) applies. Section 1915(e)(2) states "the court shall dismiss the case at any time if the court determines that…the action…fails to state a claim on which relief may be granted." Mr. Domai's Complaint attempts to allege a § 1983 claim against both Mr. Fisher and The Gateway. (*Id.*) Section 1983 states anyone under color of law who "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law." The Complaint claims both Mr. Fisher and The Gateway violated Mr. Domai's "constitutional and civil rights" when they deprived him of the ability to use the electrical outlets near the McDonald's located in the food court at The Gateway mall. (Compl. 11–12, ECF No. 3.) The right to electricity is not a constitutionally held right. *See, accord., Cudjoe v. Indep. Sch. Dist. No. 12*, 297 F.3d 1058, 1063 (10th Cir. 2002) (finding no constitutional right to privacy around school performance, granting summary judgment on § 1983 claim); *e.g., Doyle v. Okla. Bar Ass'n,* 998 F.2d 1559, 1568-1571 (10th Cir. 1993) (noting "[s]ubstantive due process rights do not encompass a right to compel a state to do something *for* someone not under some form of custody or restraint").

The Complaint states Mr. Fisher and The Gateway violated Mr. Domai's First Amendment rights of freedom of speech and freedom of expression by preventing him from plugging in his computer to the food court outlets. (Compl. 11–12, ECF No. 3.) The

Complaint's factual allegations do not state a plausible claim for a restriction on either speech or expression. (*Id.*) As the Constitution does not guarantee a right to electricity, Mr. Domai fails to state a proper claim against Mr. Fisher or The Gateway.

The Gateway Defendants seek dismissal based on the Complaint's failure to allege facts tending to show any of them acted under color of state law. (Mot. 4-6, ECF No. 15.) The Complaint alleges Mr. Fisher was a Gateway security officer at The Gateway food court. (Compl. 9, ECF No. 3.) The Complaint contends Mr. Fisher and The Gateway "act[ed] pursuant to an apparent Gateway or internal policy." (Compl. 11-12, ECF No. 3.)

To qualify as an "action under color of state law" a person must act with a "power, possessed by virtue of state law and made possible only because the [person] is clothed with the authority of state law." *United States v. Classic*, 313 U.S. 299, 326 (1941). Courts consider purely private actors as acting under color of state law only where the private actor willfully participates "in joint activity with the State or its agents." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970). Courts apply a variety of tests in considering whether a private person acted under color of state law, including whether a "symbiotic relationship" between the private actor and the state exists, *Burton v. Wilmington Parking Auth.*, 365 U. S. 715, 721-22 (1961), *Rendell-Baker v. Kohn*, 457 U.S. 830, 842-43 (1982), whether the private entity provided an "exclusively" governmental service, *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 157-64 (1978), whether a "sufficiently close nexus" exists between the actor's conduct and the actions of the state, *Blum v. Yaretsky*, 457 U.S. 991, 1004-05 (1982), whether the private actors and state actors jointly participated**,** *Rendell-Baker, supra,* and whether "pervasive entwinement" occurred between the private actor's conduct and the government's objectives, *Brentwood*

*Acad. v. Tenn. Secondary Sch. Athletic Assn.*, 531 U.S. 288, 298 (2001). No allegations suggest anything other than private action.

### B. Claims Against Mr. Ahleen and The Gateway

Mr. Domai fails to state a claim upon which this Court can grant relief against Mr. Ahleen and The Gateway. Mr. Domai attemps to allege a second cause of action against Mr. Ahleen, the alleged Director of Security for The Gateway, and The Gateway for § 1983 violations under a *respondeat superior* theory. (Compl. 12-13, ECF No. 3.) *Respondeat superior* is a well-known "doctrine of vicarious liability based upon public policy," *McClelland v. Facteau,* 610 F.2d 693, 695 (10th Cir. 1979), that "enables the imposition of liability on a principal for the tortious acts of his agent and, in the more common case, on the master for the wrongful acts of his servant," *Gen. Bldg. Contractors Ass'n v. Pennsylvania.,* 458 U.S. 375, 392 (1982). *Respondeat superior* holds an employer "liable for the torts of its employees acting in the course or scope of employment," *Magnum Foods v. Cont'l Cas. Co.,* 36 F.3d 1491, 1499 (10th Cir. 1994). The doctrine of *respondeat superior* does not apply in § 1983 cases. *Iqbal*, 556 U.S. at 676. Absent allegations of specific acts and a state of mind on behalf of the supervisor, no liability attaches. *Dodds v. Richardson*, 614 F.3d 1185, 1199-1200 (10th Cir. 2010) (explaining allegations necessary to hold supervisors liable). The Complaint makes no such allegations.

### RECOMMENDATION

For the reasons stated above, the undersigned RECOMMENDS the Court dismiss Mr. Domai's claims against The Gateway Defendants for failure to state a claim upon which this Court can grant relief. Despite Mr. Domai's failure to pursue this litigation thus far, the

undersigned RECOMMENDS giving Mr. Domai thirty days to amend his Complaint given Mr. Domai proceeds pro se.

The Court will send copies of this Report and Recommendation to the parties and hereby notifies them of their right to object to the same.  The Court further notifies the parties that they must file any objection to this Report and Recommendation with the Clerk of the District Court, pursuant to 28 U.S.C § 636(b) and Fed. R. Civ. P. 72(b), within fourteen (14) days of receiving it.  Failure to file objections may constitute waiver of objections upon subsequent review.

DATED this 24th day of March 2017.

BY THE COURT:

Evelyn J. Furse
United States Magistrate Judge