IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| GUY M. DOMAI., <br><br>                Plaintiff, <br> v. <br><br> DAN AHLEEN; et al., <br><br>                Defendants. | REPORT AND RECOMMENDATION <br><br> Case No. 2:15-cv-564 DN <br><br> District Judge David Nuffer <br><br> Magistrate Judge Brooke Wells |

This matter is referred to the undersigned in accordance with 28 U.S.C. § 636(b)(1)(B).[1] Pending before the court is Defendants' Motion for Judgment on the Pleadings.[2] The motion was filed on February 2, 2018, and to date there has been no response to the motion filed by *pro se* Plaintiff Guy M. Domai. As set forth below the undersigned RECOMMENDS that the motion be granted.

## BACKGROUND

On August 5, 2015, *pro se* Plaintiff Guy M. Domai, filed this case against the Director of Security at the Gateway Mall in Salt Lake City and others for violating his constitutional rights by depriving him access to the electrical outlets by McDonalds at the mall's food court.[3] In March 2017, Magistrate Judge Furse issued a Report and Recommendation recommending Defendants' motion to dismiss for failure to state a claim be granted, but that Mr. Domai be allowed 30 days to file an amended complaint.[4] Chief District Judge David Nuffer adopted the

---

[1] ECF No. 28. The undersigned notes that initially this matter was referred to Magistrate Judge Furse who recused in October 2017.

[2] ECF No. 31.

[3] Complaint p. 5, 9; ECF No. 3.

[4] ECF No. 17.

Report and Recommendation and instructed Mr. Domai to file an amended complaint by June 5, 2017.[5] Mr. Domai filed his Amended Complaint by the required date.[6]

Plaintiff's Amended Complaint added additional Defendants,[7] and alleged violations of his rights from an additional encounter at the Gateway Mall, which ended with Plaintiff being given "a year ban from that mall."[8] The operative facts in the Amended Complaint center on these encounters at the Gateway Mall with security guards and police.[9] In his Amended Complaint, Mr. Domai also complains of other places where he has been banned from frequenting. These include the University of Utah Law Library, The Salt Lake City Public Library, Whole Food Market, LDS Business College, BYU University and Burger King.[10] Mr. Domai seeks to bring a number of causes of action against the current Defendants including *inter alia*: respondent superior against Defendant Gateway for actions of the security guards; negligence; intentional infliction of emotional distress; "interference with prospective business advantage"; due process violations; abuse of process; violations of 42 U.S.C. §§ 1981, 1983 and 1985; and conspiracy.[11] Plaintiff seeks a range of damage amounts from 300,000.00 to "$100 million dollars" depending on the Defendant.[12] Defendants seek to dismiss this case.[13]

---

[5] ECF No. 19.

[6] ECF No. 21.

[7] Officer J. Perkins, Security Guard Taylor and Security Guard Glausey. *See* Amended Complaint p. 3. The docket entry for the Amended Complaint terminated Defendant Fisher, but the Amended Complaint still alleges claims against him.

[8] *Id.*

[9] *Id.* p. 12-15.

[10] *Id.* p. 6.

[11] *Id.* p. 8-10.

[12] *Id.* p. 20, 24, 28, 31,37.

[13] ECF No. 31.

## DISCUSSION

Defendants move under Federal Rule 12(c) for judgment on the pleadings and seek to dismiss this case.[14] "A motion for judgment on the pleadings under Rule 12(c) is treated as a motion to dismiss under Rule 12(b)(6)."[15] To survive a motion to dismiss a complaint must contain enough factual allegations, taken as true, "to state a claim to relief that is plausible on its face."[16] In short, a plaintiff must plead sufficient facts "showing that [he or she] is entitled to relief[.]"[17]

Defendants filed their motion on February 2, 2018. On March 7, 2018, after the deadline to file a response to the motion,[18] Mr. Domai moved for an extension of time to file his response. Despite Defendants objections, the court granted Mr. Domai's requested extension giving him "until March 26, 2018, to respond to the motion."[19] To date, Mr. Domai has yet to file any response despite the extension now being expired. In the order granting his requested extension, Mr. Domai was specifically warned "that a failure to respond may result in the court granting Defendants' motion at a future date."[20] Local Rule 7-1(d) provides that a failure to respond timely to a motion, unless it is a motion for summary judgment, is a basis for granting a motion.[21]

---

[14] ECF No. 31; *see* Fed. R. Civ. P. 12(c).

[15] *Atl. Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1160 (10th Cir. 2000).

[16] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[17] Fed. R. Civ. P. 8(a)(2).

[18] *See* DUCivR 7-1(3) (2017) Filing Times ("A memorandum opposing motions filed pursuant to Fed. R. Civ. P. 12(b), (c), and 56 must be filed within twenty-eight (28) days after service of the motion or within such time as allowed by the court.").

[19] Order granting motion for extension of time, ECF No. 34.

[20] *Id.*

[21] DUCivR 7-1(d).

Here, the parties have not submitted extra documents in support of their positions. Thus, the court finds no need to convert Defendants' Motion for Judgment on the Pleadings to a motion for summary judgment.[22] Because such a conversion is unnecessary, Defendants' motion and Mr. Domai's lack of a response, fall within Local Rule 7-1(d). Therefore, it is appropriate to grant Defendants' Motion for Judgment on the Pleadings "without further notice."[23]

Even if the court sets aside this basis for granting the motion, allowing Mr. Domai more latitude because he is proceeding *pro se*, there is still merit to Defendants' arguments in light of the allegations raised in the Amended Complaint. Because Mr. Domai is acting *pro se* the court construes his pleadings liberally and holds his submissions to a less stringent standard than that for formal pleadings drafted by lawyers.[24] "[I]f the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."[25] But, it is not the Court's responsibility to assume the role of advocate for Mr. Domai.[26]

Defendants argue that even under the lenient standards for a *pro se* litigant, Mr. Domai still fails to state a claim against them. The court agrees and adopts the reasoning set forth by

---

[22] *See* Culp v. Sifers, 550 F. Supp. 2d 1276, 1279–80 (D. Kan. 2008) (noting the well-established principle that a motion to dismiss, or a motion for judgment on the pleadings, must be converted to a motion for summary judgment if the court relies on materials outside the complaint); *Burnham v. Humphrey Hospitality Reit Trust, Inc*., 403 F.3d 709, 713 (10th Cir.2005) (same); *see also Lowe v. Town of Fairland, Okl*., 143 F.3d 1378, 1381 (10th Cir. 1998) (determining first whether the district court abused its discretion by refusing to convert the defendants' motion to dismiss into a motion for summary judgment).

[23] DUCivR 7-1(d).

[24] *See* Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991).

[25] *Id.*

[26] *See id*; *see also Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) ("[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record.").

Defendants.[27] Mr. Domai has already been given an opportunity to amend his Complaint because he is proceeding *pro se*, thus there is no reason to allow an additional opportunity and this case should be dismissed.

## .RECOMMENDATION

For the foregoing reasons, the undersigned RECOMMENDS that Defendants' Motion for Judgment on the Pleadings be granted and this matter be dismissed.

DATED this 13 April 2018.

Brooke C. Wells
United States Magistrate Judge

## NOTICE

The Court will send copies of this Report and Recommendation to all parties, who are hereby notified of their right to object.[28] The parties must file any objection to this Report and Recommendation within fourteen (14) days of service thereof.[29] Failure to object may constitute waiver of the objections upon subsequent review.

---

[27] The reasoning set forth in the court's prior Report and Recommendation, ECF no. 17, is also equally applicable to Mr. Domai's Amended Complaint.

[28] *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

[29] *Id.*